Nancy J. Saviola, Plaintiff-Appellant, v. Sears, Roebuck and Company, Defendant-Appellee.

Gen. No. 51,541.

First District, Third Division.

October 19, 1967.

Fred Lambruschi, of Chicago (Herbert P. Veldenz and Vera Cuthbert, of counsel), for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Louis A. Lehr, Jr. and Paul L. Leeds, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal by plaintiff from a directed verdict entered in favor of defendant at the close of plaintiff's case.

Plaintiff contends on appeal that the court erred in directing a verdict for defendant when plaintiff had presented sufficient evidence to create a question of fact for jury determination, and that the court erred in refusing to allow expert testimony regarding the use of pins in the packaging of men's shirts.

The plaintiff, Nancy Saviola, testified that on September 24, 1959, she and her husband David entered the

Sears store at North and Harlem Avenues in Chicago between 7:30 and 8:00 p. m. She was walking through the store when she felt severe pain in her ankle. She stated that at the time she was about two feet from a counter containing men's white shirts. Some of the shirts were packaged and others were not. When she looked at her ankle she saw that a straight pin was imbedded therein. She saw no sales personnel or customers in the area.

According to Mrs. Saviola, her husband tried to remove the pin but was unable to do so until she was seated nearby and he was able to hold her leg with one hand and pull the pin out with the other. After the pin was removed she went to the Sears' nurse's office where the nurse treated it with Bactine and put a Band-Aid on it. Mrs. Saviola further testified to the extent of her pain and treatment therefor.

David Saviola's testimony was similar to that of his wife. He added that several shirts on the counter were displayed and several were out of their packages and outstretched on the counter. There were no customers or salesmen around at the time. When he saw his wife grab her right leg he went to her aid, and when he stooped down to try to remove the pin he noticed bits of paper, dirt and about eight or ten straight pins on the floor at the place of the accident. Some of the pins were bent and looked as if they had been stepped on. He testified that he might have run through the pins to get to his wife. Later that night he examined the left shoe his wife had worn and found a small indentation or nick in the heel that looked as if it had been chipped away by stepping on some object.

Joseph Augelli, called by the plaintiff as an expert witness, testified that he had been in the men's garment business for almost thirty-five years, and that he was presently employed by Baskin Clothing Company. He stated that he was familiar with the packaging of men's

15

shirts. The court sustained defendant's objections to further questions put to the witness. Those questions were about the method used in packaging of men's shirts. An offer of proof showed that Mr. Augelli would have testified that, depending on the manufacturer, men's shirts are packaged with four to six pins and that those pins were of the same type as the one introduced as plaintiff's Exhibit #8. That was allegedly the one that became imbedded in Mrs. Saviola's ankle.

Anthony Ciaccio, called by the plaintiff as an adverse witness, testified that he was a department manager of men's furnishings at the Sears store involved in this case. He had worked in that department for ten years and was familiar with the types of shirts sold there in September, 1959. The white shirts were packaged with pins in them and were displayed on counters. They also sold sport shirts and these had pins in them. He estimated that there were seven or eight pins in each shirt. He testified that sport shirts were displayed on the counter that plaintiff was next to when the accident occurred and that the actual display faced the next aisle.

Plaintiff also presented medical testimony regarding her injuries.

At the close of plaintiff's case the court granted a motion by defendant for a directed verdict.

Plaintiff first contends that the court erred in directing a verdict for defendant when plaintiff had presented sufficient evidence to create a question of fact for jury determination. The theory of this contention is that there was evidence tending to show that the pin was on the floor for a long enough time to charge defendant with constructive notice of the situation.

There have been many cases involving business invitees who were injured in business establishments. The general rule is that the defendants owe a duty of exercising ordinary care in maintaining the premises in a reasonably safe condition for their invitees. (Olinger v.

16

The Great Atlantic & Pacific Tea Co., 21 Ill2d 469, 173 NE2d 443.) If a patron is injured by an accident involving a foreign substance on the premises and there is no showing of how that substance got there, liability may be imposed if it appears that the substance was there a sufficient length of time so that the owner or operator of the premises should have known of its presence. The proposition here applicable is set forth in the Olinger case, supra, at page 474:

> "Where a business invitee is injured by slipping on a foreign substance on defendant's premises, and there is evidence tending to show that defendant or his servants knew or should have known of its presence, the issue of negligence will be submitted to the jury."

David Saviola testified that dirt and bits of paper were on the floor along with eight or ten pins. Some of the pins were bent and looked like they might have been stepped on. He testified that several shirts had been opened and outstretched on the counter. Both he and Nancy Saviola testified that there were no sales personnel or other customers in the area as they approached or when the accident occurred. This would tend to show that the pins were not dropped on the floor immediately prior to the accident. Furthermore, the bent condition of the pins might indicate that they had been there long enough to have been walked on.

██ The above testimony tended to indicate that the pins were on the floor for some time and that Sears, through its servants, had ample time to discover the presence of the pins before the accident and therefore had constructive notice of the unsafe condition of their premises. There was sufficient evidence to make this a question for jury determination and the granting of a directed verdict in such a situation was error.

17

Plaintiff also contends that the court erred in refusing to allow expert testimony regarding the use of pins in packaging of men's shirts. The following occurred between the court and the parties' attorneys:

"Q. Now, can you tell the ladies and gentlemen of the Jury how your men's shirts are packed for sale?

"Mr. Lehr: If the Court please, I object to this question, I move that it should be limited to the shirts that have been shown in the testimony in this lawsuit.

"The Court: Objection sustained.

"Mr. Lambruschi: Q. Do you know the type of pins that are used to keep the men's shirts together?

"Mr. Lehr: Same objection.

"The Court: Objection sustained."

There followed an offer of proof by plaintiff's attorney. He stated that the witness would have testified that "the method in which shirts are handled and packaged, namely that depending on the manufacturer, the shirts vary from four to six pins, the type that are of Plaintiff's Exhibit No. 8, (the alleged pin that caused the injury) that keep the shirts together. . . ." If the offer of proof had shown that the witness was qualified and had the witness been able to prove the custom of all shirt manufacturers, or the custom of manufacturer of shirts displayed by defendant, the testimony would have been admissible. There was, however, testimony by Anthony Ciaccio to the effect that there were pins in the packaged shirts sold by Sears at the time of the accident. Therefore, the exclusion of the expert testimony was harmless. The exclusion of evidence is harmless where such evidence was fully established by other evidence. (Braswell

18

v. New York, C. & St. L. R. Co., 60 Ill App2d 120, 208 NE2d 358.)

Because plaintiff submitted some evidence tending to charge Sears with constructive knowledge of the condition of the pins on the floor, the case should have been submitted to a jury. The directed verdict and judgment thereon are reversed and the cause is remanded.

Reversed and remanded.

SCHWARTZ and DEMPSEY, JJ., concur.