LINDA HAYES, Plaintiff-Appellant, *v.* CLAUDE BAILEY, d/b/a The Voyager, *et al.*, Defendants-Appellees.

Third District   No. 78-363

Opinion filed January 24, 1980.

Craig M. Armstrong, of Armstrong & Carter, of Ottawa, and Louis E. Olivero, of Peru, for appellant.

R. J. Lannon, Jr., and Robert M. Hansen, both of Herbolsheimer, Lannon, Henson and Duncan, P. C., of La Salle, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment entered by the circuit court of Bureau County. The judgment was a directed verdict in favor of the defendant-appellee, David King, and against plaintiff-appellant, Linda Hayes.

On August 15, 1972, plaintiff-appellant Linda Hayes was injured when she slipped and fell in the restroom in the Voyager Inn, a motel located at Princeton, Illinois. At about 12:15 a.m. plaintiff and her husband

had gone to a restaurant, the Bourbon Barrel Lounge, located in the motel. Shortly after arriving, plaintiff excused herself to go to the ladies restroom, entering it at approximately 12:30 a.m. As she emerged from one of the toilet stalls and proceeded toward the restroom sinks, she slipped and fell on her buttocks in a puddle of water. Plaintiff was taken to a hospital, and on September 1, 1972, a spinal fusion was performed on her lumbar spine as a result of the injuries sustained in the fall.

Defendant, David King, was responsible for maintaining the restroom in which plaintiff fell. King had leased another restaurant, the Royal Coffee Shop, from Claude Bailey, who owned the premises. The lease provided that "Janitorial services of restaurant, meeting rooms, hall adjacent to meeting rooms, and restroom adjacent to hall is to be supplied by tenant." Defendant's policy was to have one of his employees check the condition of the restroom about every hour and a half to two hours during the times that the Royal Coffee Shop was open, 6 a.m. to 10 p.m. Sunday through Thursday and 6 a.m. to 11 p.m. Friday and Saturday. Defendant made no provision for inspection of the restrooms during the hours that the Royal Coffee Shop was closed. On the night in which plaintiff was injured, the restroom had last been inspected at approximately 10 p.m.

At trial the defendant made a motion for a directed verdict on the issue of liability at the close of the plaintiff's case. The motion was granted by the trial judge. At that time, after finding that the plaintiff was an invitee, the court explained the reasons for the decision, saying that there was absolutely no evidence as to how long the water had been on the floor, how it got there, or even that the plaintiff had slipped on the water. At the hearing on the post-trial motion the trial judge further explained his ruling:

> "There is absolutely no evidence how long that water had been there, not even one second before the plaintiff fell, to go to the jury so therefore I conclude that there is no proximate cause between the negligence, which I assumed on the part of the defendant, King, and the slip and fall that occurred in the restroom * * * ."

The judge further commented that the standard of care applicable to the present case was an ordinary degree of care, and not the highest degree of care.

On appeal, plaintiff raises three issues: (1) whether the trial judge correctly directed a verdict against the plaintiff on the ground that the plaintiff failed to prove proximate cause; (2) whether the trial judge applied the correct standard of care; and (3) whether the defendant's failure to make any inspection of his restroom facility in violation of the terms of his lease agreement amounts to "constructive notice" of

condition arising during the time that the defendant didn't inspect. We affirm.

● ■ ■ For a defendant to be liable for negligence, he must have had a duty towards plaintiff, he must have breached that duty, the breach must have been the proximate cause of the injury and there must be damages. In the instant case the defendant did have a duty towards plaintiff. Defendant, under the terms of the lease, was responsible for maintaining the public restrooms in the motel which were open to patrons of the Bourbon Barrel Lounge. The plaintiffs were clearly business invitees of the Bourbon Barrel Lounge. Therefore, defendant had a duty to maintain the restrooms for the business invitees of the Bourbon Barrel Lounge and had the duty owed to business invitees. The general rule is that the defendant owes the plaintiff, as a business invitee, the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition. (*Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 173 N.E.2d 443; *Saviola v. Sears, Roebuck & Co.* (1967), 88 Ill. App. 2d 13, 232 N.E.2d 4.) This is the degree of care the trial judge imposed on defendant, and there is no error with respect to this issue.

● ■ ■ Having decided that the defendant owed the plaintiff the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition, the next issue is whether or not the defendant breached this duty. We believe that he did not. The general rule is that liability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if (1) the substance was placed there by the negligence of the proprietor, or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, *i.e.*, the proprietor had constructive notice of the substance. (*Blake v. Dickinson* (1975), 31 Ill. App. 3d 379, 332 N.E.2d 575.) In a case such as the instant one, where the plaintiff alleges constructive notice, the time element to establish constructive notice is a material factor (*Blake v. Dickinson*), and it is incumbent upon the plaintiff to establish that the foreign substance was on the floor long enough to constitute constructive notice to the proprietor. If there is evidence tending to show constructive notice, then the issue of negligence will be submitted to the jury. (*Saviola v. Sears, Roebuck & Co.* (1967), 88 Ill. App. 2d 13, 232 N.E.2d 4.) In the instant case, there is no evidence at all as to how long the water had been on the floor of the restroom. Plaintiff simply testified that she slipped and fell and that after she was on the floor she noticed she was wet. In the absence of any evidence tending to show constructive notice we believe it was proper not to submit the case to the jury and to direct a verdict for the defendant.

The trial judge, in directing the verdict, however, did so on the ground that the plaintiff failed to prove proximate cause, not that plaintiff failed to establish a breach of duty by failing to establish constructive notice. The trial judge, at the hearing on the post-trial motion, stated that he was assuming that the failure to inspect the restroom between 10 o'clock and 12:30 was negligence, and that assuming negligence, the failure to show how long the water had been on the floor resulted in a failure to show proximate cause.

●■■ Although we do not agree that the failure to inspect the restroom between 10 o'clock and 12:30 was negligence per se, we do agree with the trial judge that the failure to show how long the water had been on the floor was a failure to show proximate cause. It is entirely possible that the floor did not get wet until just before plaintiff walked into the restroom. The water could very easily have accumulated on the floor between 12:10 and 12:30. In fact, it is possible that the water was on the floor because of plaintiff's use of the restroom.

If the defendant had inspected the restroom at 12 o'clock there would be no doubt that he was not negligent. Then, if the water had accumulated on the floor after that, plaintiff could have slipped and fallen even though the defendant had not breached his duty. In other words, in the absence of any evidence showing that the water had been on the floor a substantial period of time, e.g., before 12 o'clock, there is no evidence that defendant's failure to inspect the restroom at 12 o'clock was what allowed the water to accumulate and remain on the floor and possibly cause the plaintiff to slip and fall. Therefore, there was no evidence of proximate cause, and the trial judge was correct in directing a verdict for the defendant.

For the reasons stated above, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

STENGEL and ALLOY, JJ., concur.