LUDMILA HRESIL, Plaintiff-Appellant, *v.* SEARS, ROEBUCK & COMPANY, Defendant-Appellee.

First District (3rd Division) No. 78-909

Opinion filed March 31, 1980.

David J. Polan, Charles K. Piet, and David M. Saffe, all of Barnett, Ettinger, Glass, Berkson & Braverman, of Chicago, for appellant.

Arthur Klein, Peter Kasdin, and Peter Tullio, all of Arnstein, Gluck, Weitzenfle & Minow, of Chicago, for appellee.

Miss PRESIDING JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Ludmila Hresil, brought this action to recover damages for the injuries she suffered when she slipped on a foreign substance in a Sears, Roebuck & Company store. At the conclusion of the plaintiff's evidence on October 6, 1977, the Circuit Court of Cook County directed a verdict in favor of the defendant. The plaintiff appeals this order and the order of January 18, 1978, which denied her motion for a new trial.

On September 14, 1972, the plaintiff and her niece, Geraldine Sandrik, walked to the Sears outlet store located near Cicero and Archer Avenue in Chicago. The time of their visit was approximately 5:30 p.m. and there were few shoppers in the store.

The plaintiff testified that she and her niece first visited the children's department, where they remained approximately half an hour during which her niece purchased some merchandise. As they prepared to leave the department, the niece stopped to make an additional purchase. At this time the plaintiff was observing the women's department where she saw no shoppers for over 10 minutes.

After the niece completed her purchase, the two women walked through the women's department. The plaintiff was pushing a shopping cart and suddenly lost her balance. She began to fall backward and struggled to avoid a fall. Although she managed to keep her balance, her right leg struck the shopping cart and began to swell.

While her niece went for assistance, the plaintiff observed the floor area upon which she slipped. She saw a "gob" on the floor with her heel mark clearly imprinted in it. An employee who came with her niece to assist the plaintiff commented that "it looked like someone spit on the floor, like it was phlegm."

The plaintiff went to a hospital emergency room that evening and her doctor the following day. She testified concerning her treatment and two subsequent operations on her leg. At the time of the trial, the plaintiff still had difficulty walking.

Geraldine Sandrik also testified concerning her aunt's accident. She described the substance on the floor as a "fluid of some kind, liquidy." On cross-examination she admitted that she probably discussed with the plaintiff the merchandise which she was examining in the children's department.

Mrs. Sandrik agreed with her aunt that there were few customers in the store at the time of her accident. She described the outlet as a store in which the customer waits on herself and pays for purchases on the way out. Mrs. Sandrik added that a customer rarely is able to locate a salesperson in the store.

Two doctors testified concerning the nature and extent of the plaintiff's injuries. This testimony will not be discussed since it is not relevant to this appeal.

■■■ Although a store owner is not the insurer of his customer's safety, he does owe the customer the duty of exercising ordinary care in maintaining the premises in a reasonably safe condition. (*Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 173 N.E.2d 443; *Saviola v. Sears, Roebuck & Co.* (1967), 88 Ill. App. 2d 13, 232 N.E.2d 4.) If the customer is injured by an accident involving a foreign substance on the premises and

there is no evidence explaining the origin of the foreign substance, liability may be imposed on the store owner if the substance was present for a sufficient period of time so that the owner or operator of the premises should have discovered its presence. *Olinger; Dunlap v. Marshall Field & Co.* (1975), 27 Ill. App. 3d 628, 327 N.E.2d 16; *Saviola; Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470.

The plaintiff argues that the trial court erred in directing a verdict in favor of the defendant. She states that where evidence exists which tends to show that the defendant should have known of the presence of the foreign substance, the issue of negligence must be submitted to the jury. (*Olinger; Saviola.*) In the instant case the plaintiff refers to her testimony that for 10 minutes prior to her fall no other customer was present in the women's department. From this evidence she infers that the foreign substance was present in the store at least 10 minutes prior to her fall. She asserts that it is a question of fact for the jury whether 10 minutes is sufficient time to give the defendant constructive notice of the presence of the foreign substance.

A directed verdict should be entered only in those cases in which all the evidence, when viewed most favorably to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.) Viewing the evidence most favorably to the plaintiff, we can assume that the foreign substance was present on the floor of the store for at least 10 minutes prior to the plaintiff's fall. However, we conclude, as a matter of law, that 10 minutes was an insufficient period of time to give constructive notice to the operator of this self-service store of the presence of the foreign substance. The accident occurred at a time when few shoppers were present in the store, and the evidence reveals that the salespersons were located at the store exit. To charge the store with constructive notice of the presence of the substance would place upon the store the unfair requirement of the constant patrolling of its aisles. Accordingly, we find that no contrary verdict based on this evidence could ever stand. *Pedrick.*

Two cases relied on by the plaintiff for her argument that the question of constructive notice should have been submitted to the jury are distinguishable from the case at bar. In *Saviola v. Sears Roebuck & Co.,* the plaintiff was injured when a pin became imbedded in her ankle as she was walking near a counter containing men's white shirts. No sales personnel or customers were in the area. Although there was no evidence of the length of time eight or 10 pins, supposedly from packages of men's shirts, had been on the floor, the court found that the bent condition of some of the pins might indicate that they had been on the floor long enough to have been walked on. The court further found that the

defendant had ample time to discover the presence of the pins before the accident and, therefore, had constructive notice of the unsafe condition of the premises. In the instant case there is no evidence that any other customer or store employee had discovered or walked through the foreign substance.

The plaintiff also relies on the abstract opinion of *Savaiano v. Twelfth Street Store* (1947), 330 Ill. App. 248, 70 N.E.2d 744, in which the plaintiff sought damages for injuries she suffered when she slipped on a foreign substance on the defendant's stairway. In that case, however, the accident occurred on a Saturday morning in a crowded department store. The plaintiff's companion testified that she had observed the substance on the stairway 10 or 15 minutes prior to the fall. In addition, two employees testified that they had observed the plaintiff's fall. Unlike the facts in *Savaiano*, in the instant case the accident occurred at a time when the store was not busy and no other customer or employee was in the vicinity of the foreign substance.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA and SIMON, JJ., concur.