A93A0124. A. B. C. DRUG COMPANY, INC. v. SWEAT et al.
(432 SE2d 627)

COOPER, Judge.

Appellee Shirley Sweat sprained her knee when she fell in appellant's store. She sued appellant for personal injuries and her husband sued for loss of consortium. The trial court denied appellant's motion for summary judgment, and we accepted this interlocutory appeal to determine whether summary judgment should have been granted.

Viewing the relevant evidence in a light most favorable to appellees as nonmovants on a motion for summary judgment, it appears that Mrs. Sweat slipped in a silver-dollar-sized spot of clear liquid in one of the aisles of appellant's store. Otis Peace, one of appellant's employees, was stocking shelves about seven feet away at the time. He was bent over, with his back to the area of aisle containing the spot of liquid, until he turned to ask Mrs. Sweat if he could help her at the moment of her fall. It was Peace's responsibility to periodically inspect the aisle for hazards, and he had done so ten to fifteen minutes prior to the fall.

1. Appellant argues that summary judgment should have been granted because there is no evidence that appellant had knowledge of the alleged substance on the floor. "While a proprietor is liable to invitees for his failure to exercise ordinary care in keeping the premises safe, to establish a proprietor's liability for a slip and fall attributable to a foreign substance on the floor, the customer must show that the proprietor knew of the foreign substance or should have known of it had ordinary care been exercised. [Cit.] . . . When an action is based on constructive knowledge, to avoid summary judgment for the defendant, the plaintiff must establish a question of fact whether the foreign substance remained on the floor for a sufficient length of time

for knowledge of it to be imputed to the proprietor, showing that he had an opportunity to discover the defect and correct it. [Cit.] This may be done by showing that employees of the proprietor were in the area and easily could have seen the hazard and corrected it, or by showing that the proprietor failed in his duty to exercise ordinary care in inspecting the premises to keep them safe. [Cit.]" *Smith v. Winn-Dixie Atlanta*, 203 Ga. App. 565 (417 SE2d 202) (1992). There is no suggestion of actual knowledge in this case, and the only evidence arguably showing constructive knowledge is the presence of Peace on the aisle. However, it is undisputed that Peace's back was toward the spot of liquid prior to Mrs. Sweat's fall and that Peace inspected the area no more than 15 minutes earlier. In *Queen v. Kroger Co.*, 191 Ga. App. 249 (1) (381 SE2d 413) (1989), this court held that even though employees were working in the vicinity of the foreign substance, no genuine issue as to constructive knowledge existed where the employees were facing another direction and the area had been inspected no more than 20 minutes earlier. See also *Mazur v. Food Giant*, 183 Ga. App. 453 (1) (359 SE2d 178) (1987). Appellees' reliance on *Hardin v. Super Discount Market*, 205 Ga. App. 646 (423 SE2d 18) (1992) (physical precedent only) is misplaced because there was evidence in *Hardin* that one of the defendant's employees had a full and unobstructed view of the puddle of foreign substance, which was white rather than clear and two to three feet across rather than the size of a silver dollar. Accordingly, no issue with respect to appellant's knowledge of the foreign substance was established, and the trial court erred in denying appellant's motion for summary judgment.

2. Because we have held in Division 1 that appellant's motion for summary judgment should have been granted on the issue of appellant's knowledge, we need not address appellant's other enumerations of error.

*Judgment reversed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 11, 1993.

*Walker & Sweat, Forrest W. Sweat, Jr.*, for appellant.
*Thomas & Settle, Ronald B. Thomas, Michael P. Boggs*, for appellees.