|2FOGG, Judge.
On appeal in this slip and fall case, both the plaintiffs and the defendant raise issues concerning the assessment of fault and the amount of the damage award. For the following reasons, we reverse the finding of liability of behalf of the merchant.
On August 24, 1993, Lequita Jackson entered the Delchamps store in Gonzales, Louisiana to purchase the necessary ingredients for the preparation of jambalaya. She did not use a basket, but rather carried the items she chose in her arms. Among the items Mrs. Jackson selected were a package of ground beef, two large packages of sausage, a package of jambalaya mix and a package of pre-chopped, fresh seasonings. The latter item, which was the last to be picked up by Mrs. Jackson, was located in the produce section of the store. With all of these items in her arms, Mrs. Jackson proceeded toward the check-out counter. Before leaving the produce section, she slipped and fell on a grape.
Mrs. Jackson and her husband, Marcus Jackson, filed suit against Delchamps, Inc. for personal injuries sustained by Mrs. Jackson in the fall and for loss of consortium. After a trial by jury, judgment was rendered for the plaintiffs in the sum of $56,000.00 for pain and suffering, medical expenses and loss of wages; the jury did not grant Mr. Jackson an award for loss of consortium. The jury assessed Delchamps and Mrs. Jackson each with 50% fault in causing the accident.
Delchamps appealed raising issues of liability and quantum and asserting error in the jury charge. The plaintiffs answered the appeal also contesting the jury’s assessment of liability and the damage award. Because we find merit in Delchamps’ contention that it was not hable, we pretermit the other issues raised on appeal.
The law applicable in this case is LSA-R.S. 9:2800.6, which outlines the burden of proof in claims against merchants, and provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his daisies, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
*334 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
This current version of LSA-R.S. 9:2800.6 is a “decidedly pro-defendant statute.” Welch v. Winn-Dixie Louisiana, Inc., 94-2331, p. 6 (La.5/22/95), 655 So.2d 309, 314. The duty owed by the merchant to persons who use its premises is to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. LSA-R.S. 9:2800.6(A). If a breach of this duty is alleged, the statute sets forth the specific elements which the claimant must prove in order to be successful on the issue of liability. LSA-R.S. 9:2800.6(B). It places a strict burden upon a slip and fall plaintiff to prove that he/she slipped and fell due to a condition on the defendant’s premises which presented an unreasonable risk of harm, that the risk of the harm was reasonably foreseeable, that the defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that the defendant failed to exercise reasonable care.
In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition. Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1 Cir. 11/9/95), 664 So.2d 1207; Stockwell v. Great Atlantic & Pacific Tea Company, 583 So.2d 1186 (La.App. 1 Cir.1991). That a grape caused Mrs. Johnson to fall is undisputed. Although the presumption of negligence on the part of the merchant no longer arises from a showing that floor debris caused a fall, reasonableness of the merchant is still at issue. See Perez v. Wal-Mart Stores, Inc., 608 So.2d 1006 (La.1992). There is no evidence in the record that the defendant either created or had actual notice of the condition which caused the plaintiff to slip and fall prior to the occurrence. Therefore, the plaintiff had the burden of proving that the defendant had constructive notice of the condition prior to the occurrence, i.e., that the condition existed for such a period of time that it would have been discovered if the defendant had exercised reasonable care, and that the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6(B).
The store manager on duty at the time of the accident, Robby Hernandez, who had been employed by Delchamps for sixteen years, testified that the procedures manual of the store requires that the maintenance personnel sweep the entire store with a dust broom every two hours and more frequently if the volume of customers requires it. Maintenance personnel are required to walk the store each fifteen to twenty minutes to make visual inspections for spillage or foreign material. Mops are used as needed and the store is cleaned with an electric scrubbing machine once a day. Also the employees who are assigned to the produce area are instructed to inspect the floor every fifteen minutes; the manager on duty follows up on these inspections every thirty minutes.
The accident occurred at about 2:30 in the afternoon. On the day of the accident, Mr. Hernandez’s shift began at 2 P.M. As manager on duty, he was responsible for making sure the entire store was kept clean, neat and organized at all times. Shortly after he arrived, as was his practice, he inspected the entire | sstore for cleanliness and orderliness. He found the floor in the produce area to be clean.
At the time of the accident, Kyle Avant, a produce clerk who had been employed by Delchamps for approximately six years, was in the produce area training a new employee to work in that area. He testified that he was showing that employee how to clean and maintain the area. He testified that produce personnel were required to walk through and clean the produce area approximately every fifteen minutes. Additionally, while working with the produce the employees were required to constantly make sure the area was clean. He stated that there were normally three to four people working in the produce department and there was almost always an *335 employee in the shopping area of that department. He testified that he had cleaned the entire floor by sweeping it ten to fifteen minutes before the accident occurred and had also mopped little dirt spots at that time. He stated that, at the time of the accident, the only foreign material on the floor was the one grape on which the plaintiff slipped.
A customer who was shopping at the time of the accident, Arthur C. Lemane, saw Mrs. Jackson fall. He testified that he shops regularly at this store and that the floor was clean at the time of the accident. He stated that Mrs. Jackson fell gently to the floor. He approached her and offered help, but she refused.
An accident report was completed on the day of the accident. Therein, Kyle Avants stated that he was responsible for maintaining the accident location and that he inspected and cleaned the floor where the accident occurred ten minutes prior to the occurrence of the accident.
This case turns on the question of whether Delchamps exercised reasonable care. Store owners are not required to insure against all accidents that occur on the premises. They are not absolutely liable whenever an accident happens. Retif v. Doe, 93-1104 (La. App. 4 Cir. 2/11/94), 632 So.2d 405, writ denied, 94-1000 (La.6/17/94), 638 So.2d 1095. The merchant’s duty of care requires that reasonable protective measures be | (Undertaken to insure that the premises are kept free from substances that might cause a customer to fall. Whether the protective measures in a particular store are reasonable must be determined in light of the circumstances of that case, considering, commensurate with the risk involved, the merchant’s type and volume of merchandise, the type of display, the floor space utilized for customer service, the volume of business, the time of day, the section of the store, and other considerations. Brand v. Great Atlantic & Pacific Tea Co., Inc., 618 So.2d 1069 (La.App. 1 Cir.1993).
The evidence presented in this matter shows that Delchamps had in place a mandatory clean up procedure. In compliance with that procedure, the floor of the entire produce area where Mrs. Jackson slipped was cleaned by a produce clerk ten to fifteen minutes before the accident occurred. The store manager also inspected the produce area for cleanliness just minutes before the plaintiff fell and testified that the floor was clean. Additionally, another customer viewed the accident. Each of these witnesses testified that, immediately after the accident, the floor was clean except for the grape that Mrs. Jackson slipped on; that testimony is uncontradieted. Under the undisputed facts of this case, we conclude that the jury erred in finding that the plaintiff carried her burden of proving that the defendant failed to exercise reasonable care to prevent this accident. Adequate protective measures were undertaken to insure that the premises were kept free of substances that might cause customers to fall. Therefore, it was error to conclude that Delchamps breached its “duty to persons who use [its] premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition” as set forth in LSA-R.S. 9:2800.6(A).
The present case differs factually from the case of Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95), 655 So.2d 309, in which it was determined that the defendant had no reasonable safety and inspection procedure. In this case, the 17record shows that Delchamps had in place a reasonable safety and inspection procedure, and monitored the inspections. The plaintiff did nothing to dispute that evidence.
For the foregoing reasons, we reverse the judgment of the trial court and render judgment in favor of defendant, dismissing plaintiffs’ lawsuit. Costs are assessed against the appellees.
REVERSED AND RENDERED.