In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2950

Willard S. Peterson,

Plaintiff-Appellant,

v.

Wal-Mart Stores, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of Illinois.
No. 98-1384--Joe Billy McDade, Chief Judge.

Argued December 12, 2000--Decided February 22, 2001

Before Bauer, Posner, and Kanne, Circuit Judges.

Posner, Circuit Judge.  The plaintiff fell on the tile floor of the aisle of a Wal-Mart where he was shopping, and severely injured his knee. A broken can of women's shaving lotion was found nearby; the plaintiff had slipped on lotion spilled from the can. Two employees of Wal-Mart testified by deposition that they had walked down the aisle just minutes before the accident and had seen no sign of spillage, but the plaintiff testified that he had been waiting in the aisle for his wife for ten minutes and during that time had neither seen any employees nor heard any sound of breakage. Concluding that the lotion had been on the floor for four or at most ten minutes, the district court, citing Hresil v. Sears, Roebuck & Co., 403 N.E.2d 678 (Ill. App. 1980), granted summary judgment for Wal-Mart, holding that under Illinois' common law of negligence (which the parties agree governs Wal-Mart's liability in this diversity case) ten minutes are too few to give a storeowner constructive notice of a hidden danger in his premises. The plaintiff's testimony, if believed (and a jury could have believed it), established that the spill had occurred at least ten minutes before the accident, but there is no basis in the record for estimating how much earlier the spill might have occurred, and so, since the plaintiff had the burden of proof, the district court was

correct to treat ten minutes as the outside limit.

A business owes its customers, as invitees, the duty to take reasonable care to avoid injuring them. E.g., Wiegman v. Hitch-Inn Post of Libertyville, Inc., 721 N.E.2d 614, 624 (Ill. App. 1999); Miller v. National Ass'n of Realtors, 648 N.E.2d 98, 100 (Ill. App. 1994); Vernon v. Kroger Co., 712 N.E.2d 976, 979 (Ind. 1999); Restatement (Second) of Torts sec.sec. 332(1), (3), and comment e; 343(c) (1965). The floors of large self-service general stores like Wal-Mart are smooth, the customer traffic heavy, and the danger of spillage that is caused by customers or employees who accidentally knock bottles or other containers off a shelf and that can precipitate a fall that may cause serious injury, especially to elderly customers, who are numerous, is significant. The store's duty is not merely to prevent careless spillage by its employees but also to be on the lookout for spillage by whomever caused and to clean it up promptly. E.g., Tomczak v. Planetsphere, Inc., 735 N.E.2d 662, 667 (Ill. App. 2000); Howard v. Wal-Mart Stores, Inc., 160 F.3d 358, 359 (7th Cir. 1998) (Illinois law); Love v. Hardee's Food Systems, Inc., 16 S.W.2d 739, 742-43 (Mo. App. 2000); Golba v. Kohl's Dept. Store, Inc., 585 N.E.2d 14, 15 (Ind. App. 1992). Satisfaction of the latter half of this duty, the duty of inspection and clean up, does not require continuous patrolling of the aisles, Hresil v. Sears, Roebuck & Co., supra, 403 N.E.2d at 680; Howard v. Wal-Mart Stores, Inc., supra, 160 F.3d at 359; Taylor v. J.M. McDonald Co., 56 N.W.2d 610, 613 (Neb. 1953); the cost would be disproportionate to the benefit. But it may require, in self-service stores where customer traffic is heavy and the probability of a slip and fall therefore high (both because there are many people using the aisles, who are customers rather than employees, and because the probability that a customer through spillage or otherwise will create a hazardous condition is a function of the number of customers per square foot of floor), frequent and careful patrolling. See, e.g., Love v. Hardee's Food Systems, Inc., supra, 16 S.W.2d at 744; Golba v. Kohl's Dept. Store, Inc., supra, 585 N.E.2d at 17; Robinson v. F.W. Woolworth & Co., 420 So. 2d 737, 740-41 (La. App. 1982). The cost of such patrolling to the store need not be high. Employees have frequent occasion to be in the store's aisles in any event; they have only to be alert to the possibility of spillage to notice it and clean it up promptly.

There is no evidence that any of Wal-Mart's employees were aware of the spillage that caused the plaintiff's injury and failed to clean it up;

and there is, as we have pointed out, no duty of continuous inspection. But neither is there any flat rule in Illinois that ten minutes is always too short a period for a duty of inspection and clean up to arise; at least Hresil does not announce such a rule, for the court there pointed to facts, such as that the store was not busy (and so the likelihood of spillage less), that made ten minutes too short a time in the circumstances of that case to indicate a lack of care. Cf. Jackson v. Delchamps, Inc., 691 So. 2d 332, 335 (La. App. 1997); Johnson v. Tayco Foods, 475 So. 2d 65, 68 (La. App. 1985).

Wal-Mart hurt itself (as it did in Howard v. Wal-Mart Stores, Inc., supra, as we noted in our opinion there) in two ways. The first was by presenting evidence (just as it had done in Gump v. Wal-Mart Stores, Inc., 5 P.3d 407, 409 (Haw. 2000)) that its employees patrol the aisles constantly for signs of spills. This implies, if the plaintiff's testimony is believed (and a jury could believe it without taking leaves of its senses), that the employees may have been careless not to have noticed the spilled lotion. Second, while it is certainly arguable that ten minutes is too short a time to establish a storeowner's negligence in failing to have noticed and corrected a dangerous condition caused by a customer, see, e.g., Walker v. Golub Corp., 714 N.Y.S.2d 796, 797 (App. Div. 2000); Dwoskin v. Burger King Corp., 671 N.Y.S.2d 494 (App. Div. 1998) (per curiam); Maiorano v. Price Chopper Operating Co., 633 N.Y.S.2d 413 (App. Div. 1995); Jackson v. Delchamps, Inc., supra, 691 So. 2d at 335; A.B.C. Drug Co. v. Sweat, 432 S.E.2d 627 (Ga. App. 1993); Smith v. Winn-Dixie Atlanta, Inc., 417 S.E.2d 202 (Ga. App. 1992); Reed v. Kroger Co., 400 So. 2d 1106 (La. App. 1981); but see Schon v. National Tea Co., 274 N.E.2d 578, 581-82 (Ohio App. 1971), Wal-Mart limits its argument on this score to the groundless claim that the Hresil case established such a rule. It did not. And maybe every aisle in a typical Wal-Mart store is traversed by an employee at least once every ten minutes, in which event a ten-minute safe harbor might not be the right rule for this case. That is a matter to be explored at trial, if the case doesn't settle first. The grant of summary judgment was error.

Reversed and Remanded.