MARY J. KRAJICEK, Plaintiff-Appellant, *v.* WEST TOWN'S BUS COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-909

Opinion filed April 28, 1977.

Andrew J. Feo, of Chicago, for appellant.

Oskerkamp, Jackson & Rifis, of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This appeal is from an action for personal injuries whereby the defendant (hereinafter called the Town of Cicero) is charged with negligently maintaining and plowing Cicero Avenue. The trial court entered summary judgment based on the pleadings, in favor of the Town of Cicero, and this appeal has been taken by plaintiff.

The issue presented for review is whether the trial court properly ruled the Town of Cicero had no duty to keep Cicero Avenue clear of snow and had not plowed Cicero Avenue prior to the occurrence.

Plaintiff was allegedly injured while exiting from a moving northbound bus onto a snowbank on the east side of Cicero Avenue at 28th Street on December 20, 1973. An action was filed in which the Bus Company and the Town of Cicero were joined as defendants.

The defendant, Town of Cicero, through Anton Smetana, the Commissioner of the Public Works Department, set forth in Mr. Smetana's affidavit the fact that Cicero Avenue is a state highway located in the Town of Cicero, and in the year 1973 the Town of Cicero did not employ any persons for snow removal on Cicero Avenue and did not remove any snow from Cicero Avenue. Said affidavit further states the State of Illinois performed the snow removal on Cicero Avenue in the year 1973.

The plaintiff testified by affidavit she had seen snow removal equipment from the Town of Cicero on Cicero Avenue and to the best of her knowledge, the Town of Cicero had removed snow at or near the intersection where she was injured.

Summary judgment was entered for the defendant and plaintiff appeals therefrom.

Section 4—203 of the Illinois Highway Code provides, in pertinent part:

> "The Department [of Public Works and Buildings] may * * * add additional highways to the State highway system by * * * taking over highways from the * * * municipal street system * * *. Whenever any * * * such highway which is situated within the corporate limits of any municipality * * * has heretofore been taken over, the Department shall have exclusive jurisdiction and control over * * * such highway * * * and for the maintenance of which the Department is responsible * * *." Ill. Rev. Stat. 1973, ch. 121, par. 4—203.

■■■ We find Anton Smetana's affidavit clearly establishes no duty existed on the part of the Town of Cicero and refutes the contention the Town of Cicero had undertaken snow removal operations at the place of

plaintiff's injury. Plaintiff's allegations on this matter constitute nothing more than conclusions or irrelevant facts and do not present a genuine issue of fact in the face of the facts set forth in Anton Smetana's affidavit. Since no liability exists we need not reach the question of damages.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed. .

Affirmed.

ROMITI and JOHNSON, JJ., concur.