CAROL K. TUNK, Plaintiff-Appellant, *v.* THE VILLAGE OF WILLOW SPRINGS, Defendants-Appellees.

First District (5th Division)   No. 82—2593

Opinion filed December 30, 1983.

John J. Lowrey and Mary Jo Smerz, both of John J. Lowrey, P.C., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Myra J. Brown, Assistant State's Attorneys, of counsel), for appellee County of Cook.

Goldstine and Broida, Ltd., of Summit (Ronald J. Broida, Richard J. Skrodzki, and Kenneth J. Nemec, Jr., of counsel), for appellee Village of Willow Springs.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

This appeal is from an action for personal injuries whereby defendants were charged with negligently maintaining an intersection at Willow Springs and German Church Roads in the village of Willow Springs, Illinois. The trial court entered summary judgment based on the pleadings in favor of defendants and this appeal followed. We affirm.

On August 9, 1977, plaintiff was riding as a passenger in her car, proceeding northbound in the right-hand curb lane on Willow Springs Road. When the vehicle entered the intersection of this roadway with German Church Road, it swerved on loose gravel, careened off the road and overturned into an open field.

At the point of the accident, Willow Springs Road divides into two directions in the shape of a "Y." The northeastern direction is a continuation of Willow Springs Road; German Church Road begins at the northwestern point.

Plaintiff's complaint, filed August 10, 1978, alleged that defendants controlled, maintained, owned and designed the intersection; that they had not posted a hazard sign at the curve on Willow Springs Road; that they had allowed loose gravel to accumulate on the intersection and that it was improperly illuminated.

Defendant Cook County answered that it maintained and controlled only German Church Road and that it was not responsible for the control, ownership, inspection or maintenance of either Willow Springs Road or the intersection. It further alleged that although Willow Springs Road was constructed by the county in 1927 the State had accepted and assumed exclusive jurisdiction in either 1928 or 1929. The county and village subsequently filed motions for summary judgment which both alleged that the State was responsible for the maintenance of the road.

Arguments on defendants' motions were held June 24, 1982. After reviewing the evidence, which included a certified copy of the county's highway map, the trial court expressed concern over the ex-

act location of the termination of the county's jurisdiction on German Church Road as well as the configuration of the intersection and whether the photographs of the intersection established that the accumulated gravel had originated from German Church Road. Plaintiff argued that the county was negligent regardless of where the road terminated for it had allowed gravel to accumulate and, further, that because the State had not erected the double arrow sign at the intersection on Willow Springs road which had previously fallen or had been knocked down, the county must have done so but negligently failed to re-erect it.

In response to plaintiff's argument the county stated that it had no duty to warn vehicles which were not travelling on German Church Road. Plaintiff then offered into evidence a photograph of the intersection, but the court stated that it could not tell where the loose gravel emanated from by looking at the picture, nor was it the county's obligation to prove that the gravel did not emanate from German Church Road.

A supplemental affidavit of Michael Griffin, engineer at the county department of highways, was filed on July 6, 1982, along with Griffin's pictures of the intersection and the roads leading thereto. In his affidavit Griffin stated that Willow Springs Road is exclusively maintained and controlled by the State, that the gravel in the intersection emanated from Willow Springs Road but that the Cook County Highway Department did not install signs on Willow Springs Road. All such signs were directed at drivers on that roadway. On July 7, 1982, the trial court granted plaintiff leave to take Griffin's deposition and the cause was continued to October 6, 1982.

On October 4, 1982, plaintiff filed the affidavits of Joseph Kostur, safety and claims manager for the State Department of Transportation and Lester Kolom, a registered professional engineer with special expertise in traffic safety engineering and traffic accident reconstruction. Kostur stated that Willow Springs Road was designed and constructed by the county but that the road is not and never has been part of the State highway system. He stated further that the State maintained the travel lanes of Willow Springs Road. The duty to install street lights, crosswalks and sidewalks, however, rests with the village.

Kolom's affidavit stated that based on his review and site survey of the accident, the major contributing cause of the accident was the county's failure to correct the design, construction and maintenance defects in the intersection and its approaches and that a key factor in the accident in this case was the presence of gravel and dirt in the

intersection "reducing the coefficient of friction and reducing traction between tires and roadway."

Plaintiff and defendants again appeared before the trial court on October 6, 1982. First, the county denied any liability for the accident and argued that, based on certified copies of maps, the State's assumption of the highway after construction, coupled with the fact that Kostur stated in his affidavit that the State maintains the travel lanes of Willow Springs Road, jurisdiction of Willow Springs Road lies with the State. Plaintiff countered that even though the State maintained the roadway it was voluntary in nature.

In response, the court stated that it was concerned with the restrictive nature of Kostur's affidavit in light of his previous deposition and that this created an uncertainty as to what Kostur meant when he said that the State maintains only the travel lanes of the road. Plaintiff contended that the county maintained the edges along Willow Springs Road and in rebuttal the county pointed out that Kostur also stated that the village had the duty to install and maintain crosswalks and street lights but that his affidavit did not mention that the county had any responsibility for the highway.

Regarding Kolom's affidavit, the court observed that it made "a pretty broad statement" that the intersection was hazardous and an unacceptable risk to road users "because he doesn't know what the duty or obligation of Cook County are [sic] with regard to highways. So how can he talk about their failure to correctly design the construction and maintenance? How does he know that they even have an obligation to do that?" The county then made an oral motion to strike Kolom's affidavit alleging that it consisted of legal conclusions without supporting facts. This motion was not ruled on, however.

It was then argued that the affidavits were uncontradicted as to the jurisdiction of the county and where it terminates. The county stated that the State's exclusive jurisdiction constituted an acceptance of any liability for defective design and that the real question before the court was whether the 1928 construction of Willow Springs Road is sufficient to extend liability to the county.

The Court next queried whether Kostur's affidavit negated exclusive jurisdiction, to which plaintiff responded that the affidavit stated that Willow Springs Road is not and has never been part of the State highway system. When asked whether, with regard to the *travel area*, the State had jurisdiction, plaintiff and the county responded that the car skidded off the roadway after the accident. The court then sustained the county's motion for summary judgment and ruled that the county ·was not liable because the road was under the control of the

State. With regard to the village, the court held that plaintiff's complaint alleged that the village was negligent but that "in order for that to be an allegation of negligence against Willow Springs, we have to first *** have an obligation to remove any loose gravel." Summary judgment was then sustained for the village, which ruling resulted in plaintiff's appeal to this court.

OPINION

The controlling issue presented for review concerns the propriety of the trial court's order sustaining defendants' motions for summary judgment. We note at the outset that a party is entitled to summary judgment when there is no genuine issue of material fact and the pleadings, depositions, affidavits and other documents show that the movant is entitled to it as a matter of law. *Kubik v. CNA Financial Corp.* (1981), 96 Ill. App. 3d 715, 422 N.E.2d 1; *Yakupcin v. Baker* (1980), 83 Ill. App. 3d 624, 404 N.E.2d 869.

When considering such a motion, trial courts must construe the record strictly against the moving party and in favor of the opponent. However, because summary judgment is a drastic remedy of disposing of litigation, it should be granted only when the right of the movant is clear and free from doubt. *Hillblom v. Ivancsits* (1979), 76 Ill. App. 3d 306, 395 N.E.2d 119.

In the instant matter, in order to establish that the defendants were negligent, plaintiff must demonstrate that they had a duty to maintain the roadway and intersection in question, that there was a breach of that duty and that an injury proximately resulted from that breach. *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423.

Initially, plaintiff contends that pursuant to section 1—102 of the Illinois Highway Code (Ill. Rev. Stat. 1981, ch. 121, par. 1—102), State and local authorities must cooperate in the management of bordering highways, regardless of ownership or maintenance jurisdiction and that the cooperation among governmental entities includes cooperative maintenance and corresponding liability for negligence.

We agree that the efficient management of highways requires a cooperative effort among municipalities; however, section 1—102 does not go so far as to automatically impose maintenance responsibility and liability therefrom on the entities which choose to participate in such a joint effort. That section states in pertinent part that:

> "It is further declared that highway transportation system development requires the cooperation of State, county, township, and municipal highway agencies and coordination of their activities on a continuous and partnership basis and the legislature

intends such cooperative relationships to accomplish this purpose." Ill. Rev. Stat. 1981, ch. 121, par. 1—102.

■ Thus, in order for liability to exist, a municipality must first have a duty to maintain a given roadway, which duty may arise out of an agreement between the city and State. See Ill. Rev. Stat. 1981, ch. 121, par. 9—101, which provides that a municipality may negotiate such an agreement with the State; *Heintz v. Vorwerk* (1983), 115 Ill. App. 3d 899, 901, 451 N.E.2d 551; *Krajicek v. West Town's Bus Co.* (1977), 48 Ill. App. 3d 570, 363 N.E.2d 89.

In the instant matter, plaintiff has failed to submit any evidence that a maintenance agreement existed but instead relied on the above-stated statute from the Illinois Highway Code. We find such reliance misplaced and legally insufficient to impose maintenance jurisdiction on either the village or county.

■ Next, plaintiff contends that a question of fact exists as to the ownership of Willow Springs Road. Again, we disagree as there is nothing in the record to suggest ownership by either defendant. Michael Griffin specifically stated in his deposition that the county had neither entered into any contract in regard to Willow Springs Road nor had it ever shared maintenance responsibility with the State. Indeed, Kostur's deposition also states that the *State* has maintained the travel lanes of the road since its construction in 1927. Moreover, the county clerk's map, which is a certified copy of the State's map, conclusively shows that the road is not maintained by the county. Plaintiff has additionally failed to show that either defendant made any improvements on the road or that there were any agreements between them or with the State to make repairs. Simply stated, plaintiff failed to establish that the county or village ever had jurisdiction over Willow Springs Road.

■ With respect to defendants' duty to maintain the intersection, we find persuasive the court's reasoning in *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 443, 404 N.E.2d 213, where our supreme court held that a municipality's statutory duty to maintain its property does not apply to highways which it does not own. If the city controls streets approaching an intersection, however, but does not control the intersection, the city has the duty to warn of hazards therein. 79 Ill. 2d 435, 444.

In the instant case, plaintiff contends that the county had the duty to maintain the intersection and was not divested of jurisdiction of Willow Springs Road because it failed to satisfy the requirements of section 4—204 of the Illinois Highway Code, which provides that when a highway becomes part of the State system the department

must file a copy of the description of the highway with the county clerk. Ill. Rev. Stat. 1981, ch. 121, par. 4—204.

Although defendants failed to explain why this provision was not fully complied with, Kostur's affidavit clearly establishes that the village did not have the duty to maintain the travel lanes of the roadway, and his deposition affirmatively stated that the intersection was maintained by the State and not by the county. This testimony refutes plaintiff's contention to the contrary. Also, the trial court noted that Kolom's affidavit made an erroneous conclusion as to the county's failure to correctly design, construct and maintain Willow Springs Road. Plaintiff responded that a jury should decide whether the village had entered into a contract to remove gravel from the intersection, however, plaintiff failed to submit any evidence which even suggested that the village had ever assumed such responsibility. The village's affidavits, on the other hand, affirmatively stated that it had no control whatsoever over that road.

Additionally, Kostur stated in his deposition as follows:

"Q. To get to the intersection itself, whose responsibility for maintenance is the intersection?

A. From which direction? If you're coming from the west, it would be the County. *Coming from the north and south, it's ours.*

Q. North and south traffic?

A. Instead of south, actually it would be north by northwesterly or southerly. On Willow Springs those are ours." (Emphasis added.)

Plaintiff was travelling north on Willow Springs Road. Although plaintiff further alleges that the gravel which had accumulated in the intersection originated, in part, from German Church Road, by Kostur's own admission, the State would be responsible for the condition of the intersection and would therefore have the duty to maintain it.

■ Accordingly, we find that based on the record before us the trial court's ruling, that there was no genuine issue as to the maintenance jurisdiction of Willow Springs Road and that defendants were entitled to summary judgment as a matter of law, was correct.

The judgment of the circuit court is therefore affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.