MARK ZONTA, Plaintiff-Appellant, v. THE VILLAGE OF BENSEN-VILLE, Defendant-Appellee.

Second District    No. 2—87—0678

Opinion filed March 23, 1988.

Bernard R. Nevoral and Robert C. Moore, both of Bernard R. Nevoral & Associates, Ltd., of Chicago, for appellant.

Thomas Patrick Rice, Stephen R. Swofford, and Kathryn A. Spalding, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Mark Zonta, appeals from a summary judgment entered in favor of defendant, Village of Bensenville, in an action in which plaintiff sought damages for personal injuries while in defendant's building. Plaintiff contends there were disputed questions of fact which could not be resolved by summary judgment and the trial court erred in finding defendant had no notice of the defective window which caused the injury.

Plaintiff entered defendant's village hall on June 4, 1984, to ask for directions to a store located in the village. While there, he stopped to tie his shoe, leaning his arm against a plate glass window next to the entrance doors. The window broke and plaintiff was injured. In his complaint, plaintiff alleged that the window was unsafe because it was too thin to prevent injuries caused by breaking glass and that defendant had knowledge of the defective condition.

Defendant moved for summary judgment supported by affidavits of the village president and its attorney, which stated that the window had not been replaced from the date of construction to the time of plaintiff's injury. In response, plaintiff filed an affidavit in which he stated that the window gave way and broke when he leaned on it. He was then taken to an area behind the counter which, plaintiff states, he could see was restricted for employees of the village and where several women were working. He heard a woman say, "This happened once before," which plaintiff took to mean that the woman was an employee of defendant and knew the window had broken before. Plaintiff further averred that if he could find out what employees were behind the counter that day, he could substantiate that the statement relating to knowledge of a prior breaking was in fact made.

Plaintiff requested and was granted a 21-day continuance to take depositions of village employees, but did not subsequently offer further evidence in opposition to defendant's summary judgment motion. The trial court granted defendant's motion, finding that plaintiff was a licensee on defendant's premises and defendant thus had a duty to refrain from wilful and wanton conduct, and that plaintiff failed to establish an issue of material fact relating to any defect in the window of which defendant had prior notice.

Plaintiff contends the trial court erred in finding he was a licensee on the premises at the time of the accident and that defendant had no notice of a defect in the window.

■■ We agree with the parties that the correct standard of care in this case is imposed by section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch.

85, par. 3—102(a)); however, this court may affirm the trial court on any basis justified by the record. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 146, 407 N.E.2d 1031.) Section 3—102 provides as follows:

> "Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in sufficient time prior to an injury to have taken measures to remedy or protect against such condition." (Ill. Rev. Stat. 1983, ch. 85, par. 3—102(a).)

Summary judgment should be granted only when the pleadings, depositions and affidavits on file clearly show that no issue exists as to any material fact. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).) Summary judgment is a drastic remedy and should only be granted when the right of the moving party is clear and free from doubt. However, once such right is clearly established, summary judgment should be granted. (*Lorek v. Hollenkamp* (1986), 144 Ill. App. 3d 1100, 1103, 495 N.E.2d 679.) In *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, the reviewing court affirmed the granting of defendant's summary judgment motion where plaintiff stated in response only that unknown witnesses to the accident would testify on her behalf. In response to the question "What caused you to fall?" she stated that she wished to rely on the the the allegations of her complaint. *Kimbrough*, 92 Ill. App. 3d at 815.

■ The facts of *Kimbrough* are quite similar to those of the present case, where plaintiff's complaint and responding affidavit merely established that he was injured by defendant's window; they do not establish any defect in the window which caused his injuries. Although the court granted plaintiff a continuance to take depositions, he stated at the subsequent hearing that he did not wish to take any depositions and would rely solely on his previous allegations. Plaintiff's affidavit in response to the motion contains a vague reference to an unknown witness who might have been able to testify on his behalf, but this witness was never produced, or even named. As the *Kimbrough* court stated:

> "Were we to allow a plaintiff to avoid a motion for summary judgment by simply alleging that unknown witnesses might tes-

tify in some unspecified favorable way in the future, we would defeat the whole purpose of the summary judgment procedure since we would force the movant and the court to waste time and money to try the case in a full trial although there is no showing that plaintiff has even a *prima facie* case. If persons had knowledge favorable to plaintiff, it was her right to obtain affidavits or to inform the court of the reasons why she was unable to do so." *Kimbrough*, 92 Ill. App. 3d at 819.

See also *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 979, 382 N.E.2d 36.

Likewise, plaintiff's affidavit refers to a statement by an unknown woman that allegedly would show that defendant had previous knowledge of a problem with the window, but plaintiff failed to produce a deposition or affidavit from her or offer the court a satisfactory basis for this failure. While a party is not required to prove his case at the summary judgment stage, he is required to present some factual basis which would arguably entitle him to judgment. (*Kimbrough*, 92 Ill. App. 3d at 819.) Without the affidavit of the witness, her purported statement consists of inadmissible hearsay which may not be considered on a motion for summary judgment. *Luthy v. Keehner* (1980), 90 Ill. App. 3d 127, 130, 412 N.E.2d 1091; *LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 701, 355 N.E.2d 70.

■ *Tracy v. Village of Lombard* (1983), 116 Ill. App. 3d 563, 451 N.E.2d 992, on which plaintiff relies, is distinguishable. In that case, this court upheld a jury verdict in plaintiff's favor over defendant's objection that the court should have granted its motion for a directed verdict. The plaintiff alleged that cracks in the front steps of defendant's village hall had caused his injury and that the village had notice of these cracks. The court found that, although the cracks were very small, the allegations were sufficient to send the case to the jury. (*Tracy*, 116 Ill. App. 3d at 570.) The court also noted, however:

> " 'Where *** the fall occurs upon a floor not having any depression, concavity, hole or other defective condition and there is nothing upon which the jury can reasonably find negligence, it is improper to submit the case to the jury.' " *Tracy*, 116 Ill. App. 3d at 569, quoting *River v. Atlantic & Pacific Tea Co.* (1961), 31 Ill. App. 2d 232, 237, 175 N.E.2d 593.

In the present case, plaintiff offers no hint as to what defect in the glass caused his injury, other than his speculation that the glass might have been too thin. Liability cannot be predicated upon surmise or conjecture as to the cause of the liability. (*Monaghan v. DiPaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 923, 489 N.E.2d 409;

358

*Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168, 480 N.E.2d 167; *cf. Canzoneri v. Village of Franklin Park* (1987), 161 Ill. App. 3d 33, 38-39, 513 N.E.2d 1103.) As plaintiff did not establish any specific condition of which defendant had knowledge and which caused plaintiff's injury, the trial court did not err in granting summary judgment for defendant.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and REINHARD, JJ., concur.