(No. 89-CC-1374– )

SHARI HOLLOWAY, a minor, by CLARA HOLLOWAY, her Mother, Claimant, *v.* THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Order filed October 28, 1991.*

*Order filed May 15, 1992.*

*Order filed September 25, 1992.*

BRUSTIN, SORKIN & NUSSBAUM, for Claimant.

FRATERRIGO, BEST & BERANEK, for Respondent.

## ORDER

JANN, J.

This cause coming on to be heard on the motion of Respondent for summary judgment, due notice having

been given and the Court being fully advised in the premises, this Court hereby finds that:

Claimant, a student at the University of Illinois, Chicago, seeks damages for personal injuries sustained on July 29, 1987, while leaving Taft Hall on the university campus. Respondent moved for summary judgment on the grounds that Claimant could not identify a specific defect which proximately caused her injuries and that Claimant could not show that Respondent had notice of any adverse condition sufficient to prove that Respondent breached a duty of care to Claimant. In support of its motion, Respondent attached a series of exhibits including Claimant's complaint, Respondent's answer to the complaint and Claimant's deposition.

Claimant's discovery deposition was taken on March 28, 1991. Claimant testified that on July 27, 1987, she was at Taft Hall on the University of Illinois, Chicago campus, to meet with a teacher regarding some of her classes. Further testimony disclosed the following:

The accident occurred as Claimant and two friends were exiting Taft Hall through two sets of doors leading to a second floor bridge across Harrison Street. Claimant testified that she had passed through said doors virtually every school day prior to the accident. As Claimant was exiting the first set of glass doors, rather than using the door handle, she put both hands on the glass to open the left side door and in so doing, the glass shattered and she was injured. Both of Claimant's friends had already passed through the outer set of doors and had their backs to Claimant at the time of the accident. There were no other witnesses to the incident. Claimant stated she saw no defect in the door prior to the accident and was

unaware of anyone being injured at the Taft Hall location prior to her accident.

In an action alleging negligence, Claimant must establish the existence of a duty, a breach of that duty and an injury proximately resulting from the breach of that duty. (*Horell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) A party is entitled to summary judgment when there is no genuine issue of material fact and the pleadings, depositions, affidavits and other documents show that the movant is entitled to summary judgment as a matter of law. (*Tunk v. Village of Willow Springs* (1983), 120 Ill. App. 3d 800, 458 N.E.2d 1132.) In addition, although claimants at the time of the respondent's motion for summary judgment are not required to prove their case, they are required to present some factual basis that would entitle them to some judgment under applicable law. *Kimbrough v. Jewel Cos.* (1981), 91 Ill. App. 3d 813, 416 N.E.2d 328.

Liability cannot be predicated upon surmise or conjecture as to the cause of liability. (*Zonta v. Village of Bensenville* (1988), 167 Ill. App. 3d 354, 521 N.E.2d 274; *Monaghan v. Dipaulo Construction Co.* (1986), 140 Ill. App. 3d 921, 923, 489 N.E.2d 409; *Vance v. Lucky Stores, Inc.* (1985), 134 Ill. App. 3d 166, 168, 480 N.E.2d 177.) In *Zonta v. Village of Bensenville*, plaintiff was injured when he leaned upon defendant's window, which subsequently shattered and caused injury. (*Supra*, at 356.) The appellate court of Illinois in upholding the trial court's granting of summary judgment in favor of defendant stated that plaintiff offered no hint as to what defect in the glass caused his injury other than his speculation that the glass might have been too thin. The court cited the holdings in *Monaghan* and *Vance* in pointing out that liability cannot be predicated on surmise or conjecture as to

the cause of liability, but rather plaintiff must establish a *prima facie* case that some specific defect in the glass must be shown to have been the cause of plaintiff's injury; otherwise summary judgment is proper. (*Supra*, at 360.) Claimant specifically stated in her deposition that she did not know what caused the glass to break. Claimant has not made a response to Respondent's motion and has provided no evidence of any defect in the glass doors in her pleadings or testimony.

In addition to Claimant's inability to identify any specific defect that caused the glass to break, she is also unable to establish that Respondent had actual or constructive notice of any defect on the premises which is necessary to hold Respondent liable. In order to prevail against the University, Claimant must show that:

a. The University had actual knowledge that there was some defect existing in the glass and failed to remedy the situation; or

b. The defect existed for a sufficient length of time so that it should have been discovered through reasonable diligence, thereby charging the University with constructive notice of its presence. *Hayes v. Bailey* (1980), 80 Ill. App. 3d 1027, 400 N.E.2d 544; *Hresil v. Sears Roebuck & Co.* (1980), 82 Ill. App. 3d 1000, 403 N.E.2d 678.

In Claimant's discovery deposition, she admits that she has no personal knowledge of whether the University of Illinois was aware of the condition of the door. She also admits that she had never seen anyone else injured by broken glass, never heard anyone complain about that door, and never personally made any complaints about the door.

The Court finds *Zonta* persuasive in the instant matter. Claimant has failed to identify a specific defect which proximately caused her injury and thereby cannot prove a *prima facie* case of negligence. Claimant has further failed to show that Respondent had notice of any adverse

condition sufficient to prove that Respondent breached a duty of care to the Claimant.

Wherefore, it is hereby ordered that Respondent's motion for summary judgment is granted and this cause be dismissed.

## ORDER

JANN, J.

This cause coming on to be heard on Claimant's motions to vacate the summary judgment order entered on October 28, 1991, and for leave to file an amended complaint, Respondent's responses and objections having been filed and all parties having notice, and the Court being fully advised, it is hereby ordered that Claimant's motions to vacate the summary judgment order of October 28, 1991, and motion for leave to file an amended complaint are denied.

## ORDER

JANN, J.

This cause comes on to be heard on the motion of Claimant to reconsider an order entered May 15, 1992, denying Claimant's motion to vacate the previous order of October 28, 1991, granting summary judgment to Respondent. Claimant has filed certain affidavits and Respondent has filed a response and motion to strike Claimant's affidavits. The Court being fully advised in the premises finds:

1. Claimant's motion to vacate the order of May 15, 1992, is denied.

2. The affidavit of Henry Mikdajczk is stricken from the record.