(No. 92-CC-3048—

DENA PAKENHAM, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 20, 1998.*

PETER F. FERRACUTI, P.C. (JAMES LINDIG, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (DANIEL F. LANCILOTI, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

On October 7, 1991, Claimant was a student at Northern Illinois University in DeKalb, Illinois, and was at Cole Hall, on Northern's campus, attending an algebra class with about 200 to 300 other students. When the class ended at 11:50 a.m., Claimant exited out of the right door of a double set of doors located on the north side of Cole Hall. She stepped out of the building onto the sidewalk with her right foot first, then she stepped to the left, in front of the other door, with her left foot. There was a step down of

approximately one and one-half inches from the doorway to the sidewalk. As she was stepping to the left, another woman, who Claimant did not recognize, was also exiting the building and opened the left door into Claimant's foot, causing the bottom edge of the door to cut the heel. The flow of students leaving Cole Hall at the time of injury was heavy. Claimant sat on a bench for a few minutes and then went to the university health center where the wound was cleaned and bandaged. She was referred immediately to Dr. Kornel Balon who performed outpatient surgery at Kishwaukee Hospital the same day. She was restricted in her movement of the left leg for two weeks, and her ankle was then casted for six weeks. She filed a personal injury complaint in the amount of $28,377.77 on May 13, 1992. After various continuances at the request of the parties, a hearing was held before this Court on September 12, 1996. Subsequent briefs were filed by the parties in 1997.

Claimant testified that she still has a lump on her left heel from the scar tissue, and that the ankle is stiff and causes her problems when she has to walk long distances or wear particular kinds of shoes. Claimant also testified that: (1) prior to the date of her injury, she had been in Cole Hall many times and was familiar with the door and entranceway which she states caused her injury; (2) she did not see any type of defect in the door at the time of her injury; (3) she has no personal knowledge of whether or not Northern was aware of any type of condition regarding the door before October 7, 1991; (4) she had never complained or known of anyone who complained about the door; (5) she has never seen anyone injured at that doorway.

Roland Schreiber, employed at Northern Illinois University as a university architect since 1966, testified that he is familiar with Cole Hall, having met with architects while

the plans and specifications were being prepared and, as the building was being constructed, he observed and checked on the progress and quality. He gave details about the exterior doors at Cole Hall and stated that they have a sticker attached to them which indicates they were manufactured by Miller Industries, which is still in business. The step-down of one and one-half inches allows the door to move over any snow, slush or water which might accumulate outside.

The construction of Cole Hall complied fully with the National Building Code of 1967 which was in effect at the time. At the time of Claimant's injury, the 1990 BOCA Building Code was in effect with regard to new construction and remodeling. As with the National Building Code, BOCA requires doors to be hung to swing in the direction of egress. The BOCA code allows for a step-down of eight inches on all exterior doors not required for physically handicapped or aged persons.

Mr. Schreiber is not aware of any modifications made to the doors before or after installation. They are still in the same condition as when they were installed. There were no problems or complaints prior to the injury in this case. He personally inspected the doorway, and in his expert opinion as an architect, there is nothing defective or dangerous about the door or entranceway.

Edward O'Donnell, assistant director of the physical plant, was superintendent of building maintenance at the time of the accident and was responsible for all of the building craftsmen on the campus. Northern also has a summer repair list procedure whereby craftsmen go throughout the campus making needed repairs. On May 21, 1991, Mr. O'Donnell issued a preventative maintenance work order to the carpenter shop to check all of the main doors, 1 through 17 (including the door which Claimant

alleged caused her injury), at Cole Hall for needed repairs. Any repairs would have been documented. The only documented repair or change was a door closer which was replaced on one of the doors.

Claimant presented no expert or lay evidence or testimony that there was any defect or dangerous condition in the door or the one and one-half inch step-down, or that Northern was negligent in maintaining the door or entranceway at Cole Hall. She has failed to prove by a preponderance of the evidence that a dangerous condition existed or that Northern had actual or constructive notice of such a condition. The State is not an insurer of the safety of persons visiting its buildings. (*Hardeman v. State* (1995), 47 Ill. Ct. Cl. 292.) The Claimant has the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care, that the Respondent's negligence proximately caused the injury and that the Respondent had actual or constructive notice of the dangerous condition from all the circumstances in the case. (*Roles v. The Board of Governors of State Colleges and Universities* (1995), 47 Ill. Ct. Cl. 131.) The cause of liability cannot be based on surmise or conjecture. (*Holloway v. Board of Trustees of the University of Illinois* (1992), 45 Ill. Ct. Cl. 255.) Therefore, the claim of Dena Pakenham is denied.