CHERRYL E. THOMPSON, Plaintiff-Appellant, v. ECONOMY SUPER MARTS, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—90—0662

Opinion filed November 8, 1991.

Anesi, Ozmon & Rodin, Ltd., of Chicago (James J. Morici, Jr., of counsel), for appellant.

Kenneth T. Garvey and Robert Spitkovsky, Jr., both of Bresnahan & Garvey, of Chicago (Kevin P. O'Connell, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Cherryl E. Thompson, brought this negligence action against the defendants, Economy Super Marts, Inc., and Weems & Bruns Corp., to recover damages for personal injuries she sustained when she slipped on a lettuce leaf in the produce section of the defendants' grocery store. A jury awarded the plaintiff $12,974.96 in recoverable damages after finding that she was 55% contributorily negligent. Thereafter, the trial court granted the defendants' post-trial motion for a judgment notwithstanding the verdict. The plaintiff appeals from that decision.

The plaintiff testified at trial that on July 3, 1986, she picked up a watermelon in the produce section of the defendants' store and began

to walk through the produce aisle. At that point, she slipped and fell on a lettuce leaf and water. She had not seen the leaf or the water before her fall and did not know how long they were there. She noted that the lettuce leaf was green and brown, had dirt on it, and appeared beat up. According to the plaintiff, her fall occurred about two or three feet to the left of the produce aisle. She also stated that the fruits and vegetables in the produce aisle were kept on ice.

Terida Thompson, the plaintiff's daughter, substantially corroborated the plaintiff's testimony. Additionally, she stated that the lettuce leaf looked old and like it had been there awhile. She further stated that she had walked through the produce aisle once before the accident occurred and did not see any water or a lettuce leaf on the floor prior to the plaintiff's fall.

Gene Pesavento, the assistant store manager, testified that it was his duty to make sure that all areas in the grocery store were clear and free of debris. He agreed that the produce department requires constant surveillance to ensure that debris is not left on the floor. He also agreed that debris poses a tripping hazard.

Pesavento further testified that no one was specifically charged with the responsibility of constantly monitoring the floor of the produce department. He explained that the defendants' employees knew that they were supposed to keep an eye on the entire store, and not specifically on one area.

Phil Woock, the store's general manager, testified that he was not working at the time of the plaintiff's accident. He stated that the store's floor was dry mopped and swept every night in July 1986. In addition, the floors were swept during the day as needed, and spills were cleaned as needed. The floors were professionally mopped and waxed every Wednesday night, and the plaintiff's accident occurred on a Thursday. Woock further testified that a part-time employee was on duty in the produce department at the time of the accident, but he could have been working in the back room when it occurred. Woock also testified that all store workers have the responsibility of keeping the floor clean if no one is working in the produce department at a particular time.

Donald Schreiner and Rubin Amazan each testified that they were working at the store at the time of the plaintiff's accident, but did not witness the fall. They both stated that they did not observe a lettuce leaf on the floor after inspecting the floor following the accident.

Based on the foregoing evidence, the jury found that the plaintiff suffered $28,833.24 in damages, but it awarded her only $12,974.96 because it found that she was 55% contributorily negligent. Thereaf-

ter, the defendants filed a post-trial motion requesting that the trial court enter a judgment notwithstanding the verdict. The trial court subsequently granted the defendants' motion, finding that: (1) no evidence was presented that the defendants had actual or constructive notice of the lettuce leaf and water for a sufficient length of time that their presence should have been discovered; and (2) the jury's award of damages was a compromise verdict and could not be sustained.

On appeal, the plaintiff initially argues that the trial court erred in granting a judgment notwithstanding the verdict. She contends that the court mistakenly found that she did not present any evidence that the defendants had actual or constructive notice of the lettuce leaf.

It is well settled that a defendant owes a business invitee on the defendant's premises a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition. (*Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223; *Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 328 N.E.2d 290.) Where a business invitee is injured by slipping on the premises, liability may be imposed if the substance was placed there by the negligence of the proprietor or his servants, or, if the substance was on the premises through acts of third persons or there is no showing how it got there, liability may be imposed if it appears that the proprietor or his servant knew of its presence, or that the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered. (*Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 173 N.E.2d 443; *Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470.) Thus, where the foreign substance is on the premises due to the negligence of the proprietor or his servants, it is not necessary to establish their knowledge, actual or constructive; whereas, if the substance is on the premises through acts of third persons, the time element to establish knowledge or notice to the proprietor is a material factor. *Blake v. Dickinson* (1975), 31 Ill. App. 3d 379, 332 N.E.2d 575.

Where there is proof that the foreign substance was a product sold or related to the defendant's operations, and the plaintiff offers some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that the defendant or his servants, rather than a customer, dropped the substance on the premises, the trial court should allow the negligence issue to go to the jury. (*Donoho v. O'Connell's, Inc.* (1958), 13 Ill. 2d 113, 148 N.E.2d 434.) However, even where there is proof that the

foreign substance was related to the defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, the defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference. *Olinger v. Great Atlantic & Pacific Tea Co.* (1961), 21 Ill. 2d 469, 173 N.E.2d 443; *Wroblewski v. Hillman's, Inc.* (1963), 43 Ill. App. 2d 246, 193 N.E.2d 470.

The plaintiff argues that she satisfied the requirements set forth in *Donoho* of introducing "further evidence, however slight, such as the location of the substance or the business practice of the defendant, from which it could be inferred that it was more likely that the defendant or his servants, rather than a customer, dropped the substance on the premises." She contends that evidence of the wilted lettuce leaf and the fact that it was found near the unsupervised produce section where vegetables were packed on ice was sufficient to allow the case to go to the jury under *Donoho*.

We disagree. The Illinois Supreme Court in *Donoho* undertook an extensive analysis of the circumstances under which negligence could be inferred from the conduct of the defendant when it was uncertain who was responsible for the foreign substance dropped on the premises. In *Donoho*, the plaintiff slipped and fell on an onion ring at the defendant's restaurant. It was unknown who dropped the onion ring. Yet, the court found that from the circumstantial evidence, it could be reasonably inferred that it was more likely that the onion ring was on the floor through the acts of the defendant's servants rather than a customer. The court based its decision on the additional circumstantial evidence that the onion ring on which the plaintiff slipped was located by a table cleared by a bus boy, under the bus boy's practice of clearing tables food particles could drop to the floor, and testimony that after the bus boy cleared the table in question no one else ate there before the plaintiff fell.

In the present case, however, there was no direct or circumstantial evidence indicating that it was more likely that the defendants' servants dropped the item than a customer. Furthermore, the plaintiff did not present any evidence that the ice, which packed the produce, was directly above the water spot. Nor did she present any evidence regarding how the ice was packed or how easily it might have been to jar it loose, spilling it to the floor. Moreover, there was no specific evidence that the defendant's business practice was unusual or created any special hazard.

The plaintiff also relies on *Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 328 N.E.2d 290, in support of her position. In

*Perminas*, the plaintiff slipped on a skateboard-like object in an aisle of the defendant's store. There, one of the defendant's employees actually had knowledge that the object was creating a dangerous condition. The court imposed liability on the defendant because the defendant, after receiving notice through its employee that its product was creating a dangerous situation, failed to return its premises to a safe condition or warn its customers.

We find that the plaintiff's reliance on *Perminas* is misplaced. In the present case, unlike *Perminas*, the defendants did not have actual or constructive knowledge of the situation. Furthermore, the record in the instant case does not contain any evidence regarding the length of time the substance was on the floor from which it could be inferred that the defendants had constructive notice.

After reviewing the evidence in the aspect most favorable to the plaintiff, we conclude that the evidence so overwhelmingly favored the defendants that no contrary verdict could ever stand. Accordingly, we find that the trial court properly granted the defendants' motion for a judgment notwithstanding the verdict. Our resolution of the foregoing issue renders the parties' remaining issues moot.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, P.J., and McCUSKEY, J., concur.