# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of New York, Inc.*, 2011 IL App (1st) 092860

---

| | |
|---|---|
| Appellate Court Caption | MATTIE NEWSOM-BOGAN, Plaintiff-Appellant, v. WENDY'S OLD FASHIONED HAMBURGERS OF NEW YORK, INC., Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1–09–2860 |
| Filed | June 24, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action for the injuries plaintiff suffered when she fell in defendant's fast-food restaurant, the trial court erred in entering summary judgment for defendant where genuine issues of material fact existed as to whether the grease plaintiff felt on the floor where she fell was the proximate cause of her fall, whether the store manager failed to discover the grease during the walk-through required by defendant's training manual for the restaurant, or whether the manager failed to conduct the required walk-through. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07–L–9119; the Hon. Elizabeth M. Budzinski, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Jeffrey S. Deutschman, of Deutschman & Associates, P.C., of Chicago, for appellant. |
| | |
| | Hinshaw & Culbertson, LLP, of Chicago (Joshua G. Vincent, Kimberly A. Jansen, and Robert J. Gibbons, of counsel), for appellee. |
| | |
| Panel | JUSTICE R. GORDON delivered the judgment of the court, with opinion. |
| | Justice McBride concurred in the judgment and opinion. |
| | Justice Cahill dissented in the judgment, with opinion. |

**OPINION**

¶ 1    This case involves a slip and fall at a restaurant that resulted in an operated knee and the grant of a summary judgment in favor of the restaurant.

¶ 2    Plaintiff Mattie Newsom-Bogan appeals from the granting of summary judgment to defendant, Wendy's Old Fashioned Hamburgers of New York, Inc., in her negligence action to recover monetary damages from her fall. On appeal, plaintiff contends that genuine issues of material fact exist regarding the cause of her fall and constructive notice to defendant. We reverse and remand.

¶ 3                              BACKGROUND

¶ 4    On August 29, 2007, plaintiff filed a complaint seeking monetary damages for injuries incurred as a result of slipping and falling on the tile floor near a trash receptacle at defendant's restaurant at 3951 West 183rd Street in Hazel Crest, Illinois. Plaintiff alleges that defendant owed her a duty to use ordinary and reasonable care with respect to the restaurant premises. Defendant allegedly breached that duty by allowing the floor near the trash receptacle to become and remain in a dangerous condition when it knew or should have known of the dangerous condition and by failing to warn plaintiff of the dangerous condition.

¶ 5    In her discovery deposition, plaintiff, age 54, testified that at approximately 4:30 p.m. on November 28, 2006, she entered Wendy's restaurant. She observed only three or four other tables of customers. The weather conditions were dry and cold, and there had been no rain or snow that day. Plaintiff was wearing slip-on flat shoes with rubber soles. After she purchased her food, plaintiff sat down to eat and was in a position to observe the area around the trash receptacle where she eventually fell. After she finished her food, she stepped from the carpeting to the tile floor and her right foot slipped and caused her to fall sideways, landing on her left hip and right knee. The contents of her tray "went flying" and landed on the floor. Plaintiff attempted to get up from the floor, but was unable to do so because her

hands were greasy and she was unable to brace herself. She described the grease as being "[t]he color of the floor" and did not recall any specific smell of the grease. When asked how much grease was on the floor, she answered: "What I felt was with my hands. That's all I could feel. My hands were slippery. I tried to push up, and my hands were greasy after touching the floor." Plaintiff did not check to see if the greasy substance on the floor was on her clothes. When asked about the cause of her fall, plaintiff testified:

"Q. At the time right after your fall, were you able to determine what caused your fall?

A. All I could recall is that I tried to push myself, tried to brace myself up, and my hands were greasy. I could not brace myself to get up off the floor.

Q. So was it your conclusion that you had slipped on the grease?

A. That's what I would assume it was. I mean, I could not–I couldn't balance myself to get up off the floor."

¶ 6 Eventually, two customers helped plaintiff into a chair and a male Wendy's employee came out to clean "the shake and tray and stuff" from where plaintiff fell. Tina Archer, an assistant manager at Wendy's, spoke with plaintiff. Plaintiff told Archer that she had fallen and showed Archer where the fall occurred. Plaintiff required medical assistance after experiencing pain in her leg and back, and Archer called for an ambulance. Plaintiff was taken by ambulance to a hospital and eventually required surgery on her injured right knee.

¶ 7 Archer testified in her discovery deposition that on November 28, 2006, sometime after 4 p.m., she was notified by an employee that a customer had fallen. When plaintiff showed Archer where she fell, Archer did not observe anything on the floor. Archer filled out an incident report. Archer testified that plaintiff told her that she did not know how or why she fell, she "just fell." Archer testified that Wendy's training manual provides that every 15 minutes the most senior manager working must walk through the restaurant to make sure everything is up to par. If the manager is unable to complete a walk-through, the task is to be delegated to another employee. If a customer notifies an employee of a food or drink spill, the area is to be mopped up immediately. If an employee notices food or any debris on the floor, it is to be picked up immediately.

¶ 8 On May 22, 2009, defendant filed a motion for summary judgment attaching portions of plaintiff's discovery deposition, arguing that it owed no duty to plaintiff to warn or make the area safe because it had neither actual nor constructive knowledge of any substance on the floor, and further argued that plaintiff had an obligation to show that the greasy substance caused her to fall and failed to satisfy that obligation when she stated that she did not know what caused her to fall.

¶ 9 In her response to defendant's motion for summary judgment, plaintiff attached an affidavit in which she stated that she was sitting at the table, eating her food for at least 20 minutes. During those 20 minutes, plaintiff could observe the area where she fell and did not observe any employees do a walk-through or a customer spill anything. A portion of Archer's discovery deposition was also attached.

¶ 10 The trial court granted defendant's motion for summary judgment "for the reasons set forth in open court." However, no transcript of the hearing or oral ruling was included in the

record on appeal.

¶ 11    On appeal, plaintiff claims that the trial court erred in granting defendant's motion because she presented evidence of genuine issues of material fact as to whether there was a greasy substance on the floor that caused her to fall and evidence that defendant had constructive notice of the substance on the floor.

¶ 12                                ANALYSIS

¶ 13    Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001). The purpose of summary judgment is not to try an issue of fact, but to determine if one exists. *Frye v. Medicare-Glaser Corp.*, 153 Ill. 2d 26, 31 (1992). In considering a motion for summary judgment, the court must construe all the " 'pleadings, depositions, admissions, exhibits, and affidavits on file in the case' " in favor of the nonmoving party. *Richardson v. Bond Drug Co. of Illinois*, 387 Ill. App. 3d 881, 884 (2009) (quoting *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)). If the plaintiff cannot establish each element of his or her cause of action, summary judgment for defendant is proper. *Wallace v. Alexian Brothers Medical Center*, 389 Ill. App. 3d 1081, 1085 (2009). Summary judgment is a drastic means of ending litigation and should be granted only when the right of the moving party is free from doubt. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 271 (1992). We review the trial court's grant of summary judgment de novo. *Morris*, 197 Ill. 2d at 35.

¶ 14    To recover on a negligence claim on a "fall down" case, the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, and an injury proximately resulting from that breach. *Pavlik v. Wal-Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1063 (2001) (citing *Miller v. National Ass'n of Realtors*, 271 Ill. App. 3d 653, 656 (1994)). If the plaintiff cannot establish any element of her cause of action, summary judgment for the defendant is proper. *Pavlik*, 323 Ill. App. 3d at 1063 (citing *Pyne v. Witmer*, 129 Ill. 2d 351, 358 (1989)).

¶ 15    A business owner breaches its duty to an invitee who slips on a foreign substance if: (1) the substance was placed there by the negligence of the proprietor; (2) its servant knew of its presence; or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presences should have been discovered, *i.e.*, the proprietor had constructive notice of the substance. *Pavlik*, 323 Ill. App. 3d at 1063 (quoting *Hayes v. Bailey*, 80 Ill. App. 3d 1027, 1030 (1980)); see also *Olinger v. Great Atlantic & Pacific Tea Co.*, 21 Ill. 2d 469 (1961).

¶ 16    A defendant owes a business invitee on his premises a duty to "exercis[e] ordinary care in maintaining the premises in a reasonably safe condition." *Donoho v. O'Connell's, Inc.*, 13 Ill. 2d 113, 118 (1958); *Thompson v. Economy Super Marts, Inc.*, 221 Ill. App. 3d 263, 265 (1991). Where a business invitee is injured by slipping and falling on the premises and there is no way of showing how the substance became located on the floor, liability may be imposed if the defendant or its employees had constructive notice of its presence. *Thompson*, 221 Ill. App. 3d at 265. Constructive notice exists if the substance was there for a long enough time period that the exercise of ordinary care would have made it known. *Thompson*,

221 Ill. App. 3d at 265. Liability cannot be based on guess, speculation, or conjecture as to the cause of the injury. *Bermudez v. Martinez Trucking*, 343 Ill. App. 3d 25, 30 (2003). Proximate cause can only be established if it is reasonably certain the defendant's acts caused the plaintiff's injury. *Bermudez*, 343 Ill. App. 3d at 25 (quoting *Salinas v. Werton*, 161 Ill. App. 3d 510, 514 (1987)).

¶ 17    First, plaintiff argues that there is a genuine issue of material fact as to whether the substance on the floor caused her injury. In support of her argument, plaintiff cites to *Wiegman v. Hitch-Inn Post of Libertyville, Inc.*, 308 Ill. App. 3d 789 (1999), *Bellerive v. Hilton Hotels Corp.*, 245 Ill. App. 3d 933 (1993), and *Canzoneri v. Village of Franklin Park*, 161 Ill. App. 3d 33 (1987).

¶ 18    In *Wiegman*, the plaintiff fell at the bottom of the staircase near the pool area of the defendant's hotel. *Wiegman*, 308 Ill. App. 3d at 792. This court affirmed the trial court's denial of the defendant's motion for a directed verdict and motion notwithstanding the judgment. *Wiegman*, 308 Ill. App. 3d at 798. This court found that although the plaintiff did not know what caused her fall, the fact that the plaintiff had fallen directly in the water on the floor, noticed her dress was wet and had two witnesses testifying that there was water all around her was sufficient to allow a jury to conclude the water caused her fall. *Wiegman*, 308 Ill. App. 3d at 798.

¶ 19    As in *Wiegman*, plaintiff did not know what caused her fall, but noticed a greasy substance on her hands that was so slippery, she was unable to get up without help. Although there were no witnesses who observed the grease on the floor, plaintiff's testimony on her discovery deposition is sufficient to create a triable issue of fact as to the cause of the fall. Defendant's written manual is sufficient to create a duty to inspect every 15 minutes, and when plaintiff testified that she observed no one inspecting the area for 20 minutes, that testimony is sufficient to create a triable issue of fact as to constructive notice.

¶ 20    In *Bellerive*, the plaintiff fell while walking down the stairs of the defendant's hotel. *Bellerive*, 245 Ill. App. 3d at 934. The plaintiff testified that she felt her foot was not level when she stepped from the third to the second step and that she noticed the steps were old and appeared "worn," not level, and the area was not well lit. *Bellerive*, 245 Ill. App. 3d at 934. This court found that although the plaintiff was not sure which step caused her fall, the testimony was sufficient to create an issue of material fact as to whether the worn steps were the cause of her fall. *Bellerive*, 245 Ill. App. 3d at 937.

¶ 21    The appellate court stated in *Bellerive* that "[t]he court may draw reasonable inferences from the undisputed facts, but where reasonable persons could draw divergent inferences from undisputed facts, the issue should be decided by a trier of fact and the motion denied." *Bellerive*, 245 Ill. App. 3d at 935-36 (citing *Loyola Academy*, 146 Ill. 2d at 271-72). "While the court may draw inferences from undisputed facts, the court should not grant a motion for summary judgment unless those facts are susceptible of only a single inference, and, if the facts permit more than one conclusion or inference, including one unfavorable to the moving party, a summary judgment should be denied." *Bellerive*, 245 Ill. App. 3d at 936 (citing *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 252 (1991), and *Beverly Bank v. Alsip Bank*, 106 Ill. App. 3d 1012, 1017 (1982)). While a plaintiff need

not prove her case during summary judgment, she must present some evidentiary facts to support the elements of her cause of action. *Bellerive*, 245 Ill. App. 3d at 936 (citing *Gardner*, 213 Ill. App. 3d at 250).

¶ 22 As in *Bellerive*, when plaintiff noticed the greasy substance on her hands that was so slippery she was unable to get up without help, and assumed she slipped and fell on the grease, that was enough to create a triable issue of fact as to constructive notice.

¶ 23 In *Canzoneri*, the plaintiff was walking on a public sidewalk when she stepped on a piece of broken sidewalk and fell to the ground. *Canzoneri*, 161 Ill. App. 3d at 35. In reversing the grant of summary judgment for defendant, this court found that the plaintiff knew what caused her fall, as evidenced by her deposition in which she repeatedly stated that the broken sidewalk was the cause, and she denied slipping, tripping or stepping in a hole. *Canzoneri*, 161 Ill. App. 3d at 39.

¶ 24 As in *Canzoneri*, plaintiff concluded from the grease on her hands that she slipped on the grease and that the grease was the cause of her fall.

¶ 25 Although all of these cases are distinguishable and different from the facts in the present case, plaintiff's testimony is sufficient to create a triable issue of fact as to constructive notice and the cause of the fall that would preclude summary judgment.

¶ 26 CONCLUSION

¶ 27 In sum, there are two issues of material fact precluding summary judgment: (1) whether the grease that plaintiff felt on the floor was also the proximate cause of her fall; and (2) whether the Wendy's manager failed either to discover the spilled grease during the required walk-through or whether the manager failed to conduct the required walk-through. See 735 ILCS 5/2–1005(c) (West 2008). Both of these issues are "genuine" since they determine the elements of proximate cause and constructive notice. 735 ILCS 5/2–1005(c) (West 2008). Thus, summary judgment in this case is not appropriate and reversal of the trial court is warranted.

¶ 28 Reversed and remanded.

¶ 29 JUSTICE CAHILL, dissenting:

¶ 30 This is, in my judgment, a "notice" case, and plaintiff's deposition fails to establish that Wendy's had constructive notice of a spill on the restaurant floor. Before she submitted her affidavit, plaintiff testified at her deposition that she did not "have any information from any source as to how long this greasy substance was on the ground."

¶ 31 Defense counsel subsequently asked, "Did you ever with your own eyes see anything, any substance?" Plaintiff answered "No."

¶ 32 From this deposition testimony, I believe plaintiff has failed to establish constructive notice. I would affirm summary judgment for defendant.