In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3163

HANNAH PIOTROWSKI and
JAMES M. PIOTROWSKI,

*Plaintiffs-Appellants*,

*v.*

MENARD, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 CV 05572 — **Mary M. Rowland**, *Magistrate Judge*.

ARGUED MAY 23, 2016 — DECIDED NOVEMBER 29, 2016

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Hannah Piotrowski was injured after slipping on two small rocks in the parking lot of a Menard store. She filed this suit alleging that her injuries were due to Menard's negligence, contending that the rocks must have come from a planter that Menard maintained outside the store or from decorative rocks that the store sold in bags of at

least forty pounds. We affirm the district court's grant of summary judgment in favor of the store because Piotrowski's belief that she fell as a result of the store's negligence is only speculation, and speculation is not enough to survive summary judgment under Illinois law. That Piotrowski fell in the Menard's parking lot after slipping on two rocks is not enough to support an inference that Menard's negligence caused the fall. In addition, there is no evidence of a pattern of conduct or recurring incident, and the store's general manager and employees regularly monitored the parking lot for unsafe conditions.

## I. BACKGROUND

Hannah Piotrowski and her husband went shopping at a Menard home improvement store in Hodgkins, Illinois on April 14, 2012. While walking in the parking lot toward their vehicle, Piotrowski stepped on one or two small rocks that she had not seen before stepping on them and fell, very hard. Piotrowski described the rocks as oval in shape and larger than marbles.

When she fell, Piotrowski was in the area outside the store entrance and exit used for vehicle drop-offs. About 50 to 125 feet away, there is a large, half-moon shaped concrete planter with a small tree and bush in the center. Decorative "river rock" fills the planter. The rock needed to be replenished from time to time, and the store's general manager said that rock was added to the planter "whenever it looks a little bare." The planter was near the store's exit, and the store's front end manager had seen children in the planter on occasion. Menard also sold decorative river rock in the garden center of its store in large bags weighing forty to fifty pounds.

The store's general manager walked the store's premises, including the parking lot, on a daily basis. More specifically, he explained that he walks "every square foot of our store, our parking lot, my outside yard, and our perimeter" every day as part of his duties as general manager. Other employees also walked through the parking lot throughout the day and were responsible for reporting any hazards.

Piotrowski went by ambulance to the hospital after her fall and was treated for fracture, torn ligaments, and dislocation of her right elbow. Her injuries required four additional hospitalizations and three more surgeries within the first year of the accident.

Piotrowski and her husband filed suit in the Circuit Court of Cook County, Illinois against Menard, Inc. alleging negligence and loss of consortium.[1] Menard removed the case to federal court on the basis of diversity jurisdiction. The judge granted Menard's motion for summary judgment, and this appeal followed.

## II. ANALYSIS

The question on appeal, as it was before the district court, is whether Piotrowski has set forth sufficient evidence to proceed to trial on whether Menard's negligence caused Piotrowski's fall. We review the grant of summary judgment to Menard de novo, viewing all evidence in the light most favorable to Piotrowski as the non-movant at summary judgment.

---

[1] Hannah Piotrowski's husband James is also a plaintiff and appellant in the suit, but for ease we will refer only to Hannah Piotrowski in this opinion. Mr. and Mrs. Piotrowski do not make any separate arguments on appeal.

*Farrell v. Butler Univ.*, 421 F.3d 609, 612 (7th Cir. 2005). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Illinois law governs in this diversity case. A plaintiff like Piotrowski who alleges that the defendant was negligent must show a duty owed by the defendant, a breach of that duty, and injury that was proximately caused by the breach. *Newsom-Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011). In Illinois, a business like Menard owes customers a duty to maintain its premises in a reasonably safe condition to avoid injuries to those customers. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). The parties agree that Menard owed Piotrowski this duty, but they dispute whether Menard breached its duty and also whether any breach was the proximate cause of the injuries Piotrowski suffered.

When a business's invitee is injured by slipping on a foreign substance, the business can be liable if the invitee establishes that: (1) the substance was placed there by the negligence of the business; (2) the business had actual notice of the substance; or (3) the business had constructive notice of the substance. *Id.* (citing *Newsom-Bogan*, 953 N.E.2d at 431; *Pavlik v. Wal-Mart Stores, Inc.*, 753 N.E.2d 1007, 1010 (Ill. App. Ct. 2001)). Significantly, speculation or conjecture regarding the cause of an injury is not sufficient in Illinois to impose liability for negligence. *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990); *Furry v. United States*, 712 F.3d 988, 993 (7th Cir. 2013) (applying Illinois law).

### A. No Triable Issue as to Whether Placement of Rocks Due to Menard's Negligence

We look first to whether there is a triable issue as to whether the two rocks were placed in the parking lot where the fall occurred due to Menard's negligence. Piotrowski maintains that Menard caused the dangerous condition of rocks in the parking lot by maintaining a planter full of rocks outside the store. To prove that the defendant, rather than a third party, created the dangerous condition, Illinois courts require a plaintiff to (1) demonstrate that the foreign substance was related to the defendant's business, and (2) offer "some further evidence, direct or circumstantial, however slight, such as the location of the substance or the business practices of the defendant, from which it could be inferred that it was more likely that defendant or his servants, rather than a customer, dropped the substance on the premises." *Zuppardi*, 770 F.3d at 650 (quoting *Donoho v. O'Connell's, Inc.*, 148 N.E.2d 434, 439 (Ill. 1958)).

Our decision in *Zuppardi* is instructive here. There a customer slipped on a puddle of water in the back of a Wal-Mart store. The puddle was near where employees traveled to clock in and out, take breaks, and unload inventory. We ruled that the plaintiff had not put forth sufficient evidence to survive summary judgment, noting that she had not seen the water prior to her fall nor seen how it accumulated, there were no tracks leading to or from the puddle to any store display or freezer, and the plaintiff had not seen any store employees as she traveled down the aisle before the fall. *Id.* Even though the plaintiff pointed to testimony that an employee was stocking shelves a few aisles away in what may have been the soda and water aisle as a possible cause of the spill, we said that was

not enough, as it was "insufficient for [the plaintiff] to solely provide a possible way in which a Wal-Mart employee could have caused the spill." *Id.* at 646, 650. The plaintiff's contention was purely speculation, and that was not enough. *Id.* at 650.

Here, too, there is no direct or circumstantial evidence to indicate that it was more likely that a Menard employee, rather than a third party, was responsible for the two rocks' presence where Piotrowski fell. It is not enough to say that Menard sold river rocks and used river rocks to fill a planter in the parking lot—that much is true. But it is not true that the plaintiffs have adduced evidence that the rocks' placement in the parking lot was more likely caused by Menard's negligence rather than by that of a customer or other third party. As even Piotrowski acknowledges, potential causes of rock depletion to the planter were many and included that patrons or children were carrying it away, power washing of the store front, overfill, and customers or employees setting something on the planter with the result that the rocks moved onto the surrounding parking lot when the object was pulled off the planter. A witness who saw Piotrowski fall testified that the rocks at issue may have fallen from a tire of one of the vehicles driving in the parking lot.

Piotrowski did not see the rocks fall, and neither she nor anyone else to whom she points knew how the rocks at issue ended up where they did. Although she is correct that a Menard employee's actions could have caused the rocks to spill, that this was the cause is only speculation, and speculation is not sufficient to survive summary judgment. *See Ciciora v. CCAA, Inc.*, 581 F.3d 480, 483 (7th Cir. 2009); *see also Thompson v. Econ. Super Marts, Inc.*, 581 N.E.2d 885, 888 (Ill. App. Ct.

1991) ("[E]ven where there is proof that the foreign substance was related to the defendant's business, but no further evidence is offered other than the presence of the substance and the occurrence of the injury, the defendant is entitled to a directed verdict, such evidence being insufficient to support the necessary inference.").

## B. No Triable Issue as to Whether Menard Had Actual or Constructive Notice

Piotrowski could also succeed on her negligence claim if she could show that Menard had actual or constructive notice of the dangerous condition that caused her fall. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (citing *Pavlik*, 753 N.E.2d at 1010). It is not clear whether she is pressing this theory on appeal, as she acknowledges that the district court correctly found that the record contained no evidence of actual or constructive notice of the two rocks that caused her fall and no evidence of how long the two rocks had been present at the spot in question before her fall.

Piotrowski does maintain that the district court lost sight of the overarching issue in the case, which to her is the permanent and dangerous condition created and maintained by Menard. In support, she points to cases articulating the principle that actual or constructive notice of a dangerous condition was not required to establish liability when the dangerous condition was created by the defendant or its employees. *See, e.g., Harding v. City of Highland Park*, 591 N.E.2d 952, 958-59 (Ill. App. Ct. 1992); *Coffee v. Menard, Inc.*, No. 13 C 2726, 2015 WL 1399049, at *4 (N.D. Ill. Mar. 25, 2015). These cases do not help Piotrowski, however, as unlike in those cases, there is no evidence here from which a jury could find that it

is more probable than not that a Menard employee caused the dangerous condition.

Piotrowski also stresses that Menard knew that rock was leaving the planter because its store manager acknowledged directing employees to replenish the rock as needed, and she argues that this fact gives rise to a reasonable inference that rock was escaping onto the pavement where customers walked. Constructive notice can be established in Illinois by presenting evidence that the dangerous condition was present for a sufficient length of time such that in the exercise of ordinary care its presence should have been discovered, or by showing that the dangerous condition was part of a pattern of conduct or a recurring incident. *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 123 (7th Cir. 1988); *Donoho*, 148 N.E.2d at 438. Piotrowski did not see the two rocks until after her fall, and she does not have any evidence as to how long they were on the pavement before her fall, so she does not press an argument based on how long the rocks were in the parking lot.

Rather, Piotrowski maintains that Menard is liable because it was aware that rock was escaping the planter since it would refill the planter with additional rock, yet it took no remedial action to halt the escape of rock from the planter. In support she points to our decision in *Culli,* where we upheld a jury verdict in favor of a plaintiff who slipped and fell on a spill at a gas station. 862 F.2d at 119. But in *Culli*, the gas station knew of spills on a daily basis in the area at issue yet swept only at night, and did so despite evidence that the volume of sales made only nightly sweeps unreasonable. *Id.* at 126–27. Here, in contrast, there was no evidence of any other incident involving rocks in the parking lot. Nor is there any evidence of recurring escape of river rock from the planter

onto the parking lot pavement or of any prior complaint of
loose rock in the parking lot. And the store's general manager
testified that he walked every square foot of the store, parking
lot, and perimeter every day as part of his duties as general
manager. The store's policies and procedures also required
Menard employees to monitor the parking lot and to be on
the lookout for unsafe conditions, and even Piotrowski
acknowledges that there were "frequent inspections of the
parking lot by the General Manager, Front Store Manager and
other team member employees." Under these circumstances,
Piotrowski has not shown a pattern of dangerous conditions
or a recurring incident which was not attended to within a
reasonable period of time. *Cf. Culli*, 862 F.2d at 126.

Piotrowski is correct that a prior injury is not necessary to
establish a store's negligence, as the case she cites in support,
*Ward v. Kmart Corp.*, 554 N.E.2d 223 (Ill. 1990), shows. There
the Supreme Court of Illinois held that the store's duty of rea-
sonable care included the risk that one of its customers, while
carrying a large, bulky item, would collide upon exiting the
store with a post immediately outside the store's entrance. *Id.*
at 234. The court ruled that the fact that a condition (such as
the post) is open and obvious is only a factor to be considered,
not a complete defense to liability. *Id.* at 228. We have no quar-
rel with *Ward*, but it does not help Piotrowski. Menard has not
argued that the "open and obvious" doctrine applies, there is
no evidence Piotrowski was distracted when she fell, and
while Kmart certainly knew of its post, there is no evidence
Menard was aware of the two rocks in the parking lot.

That Piotrowski fell in the Menard parking lot, as painful
as that fall was, is not enough to support an inference of neg-
ligence against Menard. We agree with Menard that she has

not set forth sufficient evidence that the store breached a duty it owed to her. As a result, we affirm the grant of summary judgment in favor of Menard.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.